BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Leon County. That Court in its final judgment upheld the validity of Florida Statutes § 212.06, F.S.A., giving this Court jurisdiction of the appeal under § 4, Article V, of the Florida Constitution, F.S.A.
Appellant, plaintiff below, is engaged in the business of manufacturing raw structural steel in.states other than the State of Florida. Through its American Bridge Division (ABD), it is also engaged as a construction contractor in the erection of buildings, bridges and other structures in the State of Florida and in other states. ABD orders raw structural steel in standard shapes and sizes. Orders are placed with U.S. Steel rolling mills or other steel manufacturer’s mills. ABD then prepares the steel for erection by a process referred to in the trade as “fabrication.” This is done at several fabricating shops, all located outside the State of Florida.
From September 6, 1965, through July 9, 1969, the Department of Revenue assessed a tax on the fabricated structural steel used by ABD in the performance of construction contracts in the State of Florida. Thus, the use tax imposed and paid by appellant includes its costs of fabrication.
On September 6, 1968, plaintiff timely filed its application for refund of the portion of the tax attributable to the cost of fabrication. The application asserted discrimination between in-state and out-of-state structural steel fabricators, since an in-state fabricator is not required to pay a tax based on its fabrication costs. Further, discrimination was asserted between out-of-state structural steel and in-state sheet metal fabricators. Structural steel fabrication and sheet metal fabrication is the same process, the only distinction between them being the weight of the material and the size of the equipment used. Nevertheless, prior to the taxpayer’s application for refund, a rule of the Department of Revenue expressly excluded the costs of fabrication for in-state sheet metal contractors from taxation.
On October 7, 1968, one month after the taxpayer’s application for refund, the Department promulgated a new rule under which anyone who fabricates tangible personal property for his own use was expressly required to pay a tax based on the full fabricated cost of the property. At the same time, the Department amended another rule to require sheet metal contractors to pay a tax based on the full fabricated cost of the materials used in their contracts. In addition, at the next legislative session a new subsection was inserted in Florida Statutes § 212.06(1), for the first time expressly incorporating fabrication costs as part of the taxable basis for all fabricators.
The learned trial judge, in denying appellant’s claim for a refund of taxes paid, held:
“As the consumer of property acquired outside Florida, plaintiff is not subject to a tax on a ‘sale’ or a ‘purchase’. It is subject to a use tax which is not measured strictly by a ‘sales price’ or a ‘purchase price’, but by a ‘cost price’. This cost price must be determined as of the moment of commingling with the mass of property in Florida. At this moment in time the fabrication was complete. The ‘cost price’, therefore, must be the cost price of the fabricated steel rather than the raw steel before fabrication. The statute defines cost price as follows:
‘(5) Cost price means the actual cost of articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service costs, transportation charges, or any expenses whatsoever.’
*499 “Certainly the article with respect to which the use tax is imposed is that which became commingled with the mass of property in Florida — the fabricated steel. This statute expressly forbids the deduction of the cost of labor or services or any expense whatsoever. It requires that the full cost to plaintiff be the basis of the tax.”
The trial court also rejected appellant’s contention that failure to tax the cost of fabrication of in-state sheet metal required refund of taxes paid on fabrication of out-of-state structural steel, stating:
“A rule of the Department of Revenue which is unauthorized by law and which excludes from taxation transactions or parties which should have been assessed is invalid, but such a rule does not necessarily render unlawful the levying of proper taxes upon other parties or with respect to other transactions. For the purpose of applying the constitutional guaranty of equal protection of the law to the extent of holding the taxes levied upon plaintiff to be invalid the allegedly invalid classifications made in the rules of the Department of Revenue must be such that had they been made in a statute, the statute would be held to be unconstitutional.
“Would the Court hold invalid an act of the legislature specifically imposing a sales or use tax upon structural steel of the type, kind and weight used in the building of bridges while not taxing the sale or use of sheet metal or the type, kind and weight used in making gutters, air conduits and old-fashioned stove pipes ? I think not.
# i{r ^ * jK %
“Since it would have been constitutionally permissible to levy a sales or use tax on structural steel without levying the same tax on sheet metal, a failure to collect the tax on sheet metal would not invalidate the tax on structural steel.”
After argument and upon consideration of the record and briefs of the parties, we conclude that the trial court was correct in rejecting the claim of discrimination and denial of equal protection and in upholding the statute.
The judgment sought to be reviewed is, accordingly, affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and DEKLE, JJ., concur.
McCAIN, J., dissents.